UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GARTNER INC, *et al*

*Plaintiffs*,

v.

ANMOL VIRK, *et al*

*Defendants*.

Case No. 3:26-CV-01450 (KAD)

September 9, 2026

**ORDER GRANTING IN PART [4] PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 4)**

Kari A. Dooley, United States District Judge:

On September 8, 2026, Plaintiffs Gartner, Inc. and Gartner Holdings, LLC (collectively "Gartner") commenced this action against two former employees, Anmol Virk and Tyler Rudolph, alleging breach of their respective employment agreements, specifically the non-compete provisions, as well as violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, and the Connecticut Uniform Trade Secrets Act ("CUTSA"), Conn. Gen. Stat. § 35-50 *et seq*. *See generally* Compl., ECF No. 5. Gartner has also named Virk and Rudolph's current employer International Data Corporation ("IDC") as a defendant and alleges tortious interference with the employment agreements. *Id*. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Gartner filed a motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin Defendants Virk and Rudolph from breaching their contractual obligations to Gartner and using Gartner's trade secrets in their new positions with IDC. Mot. for TRO, ECF No. 4-1. Gartner also seeks to enjoin IDC from interfering with Virk and Rudolph's contractual obligations to Gartner and using Gartner's trade secrets. *Id*. Gartner sent a copy of the Motion to IDC's counsel. *See id*.

at 47. No response has been filed and nor has any defendant appeared. For the reasons set forth below, the Motion for a Temporary Restraining Order, ECF No. 4, is **GRANTED in part**.

**Standard of Review**

"Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction." *Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). To obtain a preliminary injunction, a party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)). "A district court has wide discretion in determining whether to grant preliminary injunctive relief." *Green v. Caron*, No. 3:22-cv-1397 (KAD), 2023 WL 6809620, at *1 (D. Conn. Oct. 16, 2023) (citing *Moore*, 409 F.3d at 511).

**Discussion**

To establish a breach of contract, "Gartner must prove '[1] formation of an agreement, [2] performance by one party, [3] breach of the agreement by the other party, and [4] damages.'" *Gartner Inc. v. Hackett Grp., Inc,*, No. 3:23-cv-688 (SRU), 2023 WL 7350329, at *3 (quoting *CCT*

*Commc'ns, Inc. v. Zone Telecom, Inc.*, 172 A.3d 1228, 1240 (Conn. 2017); *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 87 A.3d 534, 540 (Conn. 2014)). Upon review of the Verified Complaint, the Motion for Temporary Restraining Order, and the attachments to both the Court makes the following preliminary findings:

Gartner has met its burden of persuasion as to the breach of contract claim against Defendants Virk and Rudolf;

Virk and Rudolph entered into binding employment contracts which contain non-compete provisions;

The agreements are not overly broad or unreasonable on their face;

The agreements prohibit Virk and Rudolph from engaging in "Competitive Acts" as that term is defined in the agreements for a 12 month period;

Virk and Rudolph are employed with a direct competitor of Gartner performing substantially the same work as was performed at Gartner;

As such, the work being performed for IDC, very likely, falls within the definition of "Competitive Acts."

Virk and Rudolph, to varying degrees, had access to a broad spectrum of Gartner's confidential information and trade secrets;

Use of the confidential information and/or trade secrets appears to be inevitable in light of the similarity of the prior and current job descriptions.

Gartner would therefore suffer irreparable harm if Virk and Rudolph are not enjoined from further violations of the agreements. *See*, *e.g.*, *Gartner*, 2023 WL 7350329, at *5 (D. Conn. Nov. 7, 2023) (quoting *United States SEC v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014)).

Accordingly, Virk and Rudolph are hereby temporarily enjoined, until such time as a hearing is held on Gartner's request for a preliminary injunction and said motion is decided, as follows:

Virk and Rudolph shall not perform any "Competitive Acts" for IDC to include "the development, production, marketing or selling of (or assisting others to develop, produce, market or sell): (x) syndicated research that competes with Gartner or its subsidiaries; or (y) a product or service which is competitive with the existing or planned products or services of [Gartner] with which [Virk or Rudolph were] involved in or managed at any time during the last twenty-four (24) months of [their] employment." Compl., ECF No. 5 at ¶ 44; Ex. A, ECF No. 5-1 at 6;

Virk and Rudolph shall not solicit any Gartner clients or known prospects as included within the definition of "Competitive Acts" under the agreements;

Virk and Rudolph shall not disclose to IDC any of Gartner's confidential information or trade secrets.

Given the unanswered posture of the motion, the Court does not make any additional findings regarding the DTSA or CUTSA claims against Virk and Rudolph, and nor does the Court make preliminary findings as to the tortious interference claims against IDC. The Court shall convene a hearing on the motion for preliminary injunctions as to all claims on **September 23, 2026**.

**Gartner is Ordered to serve a copy of this Order on Defendants Virk, Rudolph and IDC on or before 5 pm on September 11, 2026.**

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of September 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE